**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ROY RAY BEATY** | § | |
| **TDCJ-CID #666038** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-07-037** |
| | § | |
| **TEXAS BD. OF PARDONS AND** | § | |
| **PAROLES, ET AL.** | § | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION**

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C.

§ 1983.

Under the Prison Litigation Reform Act, Pub. Law. No. 104-134, 110 Stat. 1321

(1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the

complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c);

28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless whether

he prepays the entire filing fee or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273,

274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per

curiam), cert. denied, 527 U.S. 1041 (1999).  Plaintiff's *pro se* complaint must be read

indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be

accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez,

504 U.S. 25, 33 (1992).  Applying these standards, it is respectfully recommended that plaintiff's action be dismissed for failure to state a claim and as frivolous.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Divisions, and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this action on January 22, 2007, complaining that the Texas Board of Pardons and Paroles had violated his constitutional rights when it arbitrarily denied him parole on August 20, 2004, and again on September 18, 2006.  (D.E. 1).  He named as defendants the Texas Board of Pardons and Paroles and its director, Ressie Owens.  The following allegations were made in plaintiff's original complaint:    Plaintiff  is  serving a forty-year sentence for criminal solicitation of capital murder that was entered in Cause No. 17, 837 in the 12th Judicial District Court of Walker County, Texas, on May 10, 1994.  On August 20, 2004, plaintiff appeared before the Texas Board of Pardons and Paroles.  The Board decided not to grant parole based on the following reasons:

> 1D.  The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicate a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or an adult arrest or investigation for felony and misdemeanor offenses.

2

2D.     The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim vulnerability such that the inmate poses an undue threat to the public; the record indicates the use of a weapon.

On September 6, 2006, plaintiff had a second parole hearing. The Board again denied him parole based on the reasons set forth above. His next review date is set for sometime in August, 2008.

Plaintiff argues that the decision to deny him parole was in violation of his due process rights because: (1) members of the Board were appointed by the Governor but not confirmed by the Senate; (2) the Board has failed to develop and implement a set standard of criteria by which parole eligibility should be determined; and (3) the reasons given to deny parole were vague and global in nature, and were based on findings made at his trial that will never change.

Plaintiff seeks a declaratory judgment finding that the Board's actions are in violation of due process. He also seeks an injunction ordering the Board "to develop and implement standard parole guidelines that are to be the basic criteria on which parole decisions are to be made...." He seeks compensatory damages in the amount of $250,000 against each defendant, and punitive damages in the amount of $250,000.

# III. <u>DISCUSSION</u>

## A.      Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.[1] 42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>see also</u> <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  <u>Oliver v. Scott</u>, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  <u>Id.</u>

## B.      Nature of plaintiff's claims.

The initial question is whether plaintiff's claims are cognizable under § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement.  <u>Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't</u>, 37 F.3d 166, 168 (5th Cir. 1994).  <u>And see</u>  <u>Allison v. Kyle</u>, 66 F.3d 71 (5th Cir. 1995) (challenges to parole  board's procedures in general that may help prisoner in the future may be maintained in § 1983 action).   However, if a prisoner is challenging the result of a

---

[1] Plaintiff did not address exhaustion in his complaint.

*specific* parole hearing, or is challenging a parole board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 481 (1994).   The distinction is between claims that would "*merely enhance* eligibility for accelerated release and those that would *create entitlement* to such release." Cook, 37 F.3d at 168.  A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under § 1983. Id.  And see Wilkinson v. Dotson, 544 U.S. 74, 81-84 (2005) (inmates' challenge to Ohio's parole proceedings could be maintained in a § 1983 proceeding because success in the action *would not necessarily* spell immediate or speedier release).

Plaintiff argues that the Parole Board has "no set criteria" for determining whether to grant or deny parole.  If this were the only  basis for plaintiff's complaint, his claims might fall under the Cook and Allison genre of cases challenging in general the Parole Board's procedures.  Were that the case, plaintiff could pursue those claims in a § 1983 complaint because a decision in his favor would only "enhance" his chances of a speedier release. However, it is apparent that plaintiff is complaining about two specific parole hearings: one on August 20, 2004, and one on September 18, 2006.  He contends that the decisions to deny him parole were unconstitutional because the Parole Board members were not confirmed by the Senate, there is no set criteria in determining parole eligibility, and the reasons given to deny him parole were global in nature and vague. Were his claims meritorious and were the

Court to find in his favor, he would be entitled to a speedier release. As such, his claims are more properly raised in a habeas corpus proceeding. Cook, 37 F.3d at 168.

To proceed with his habeas corpus claims, plaintiff must first exhaust his state court remedies. 28 U.S.C. § 2254.

To the extent plaintiff is seeking damages for the allegedly unconstitutional parole hearings, those claims are not cognizable unless and until plaintiff can demonstrate that the challenged proceedings were in fact unconstitutional. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (in order to recover damages for unconstitutional conviction, imprisonment or other harm, prisoner must first prove that the challenged proceeding has been set aside or otherwise called into question). Thus, it is respectfully recommended that plaintiff's § 1983 claims for damages be dismissed with prejudice.

## IV. RECOMMENDATION

Plaintiff has failed to state a claim upon which § 1983 relief can be granted. His claim for injunctive relief can be maintained only in a habeas corpus proceeding, subject to exhaustion. His request for damages is not cognizable unless and until he can demonstrate that the allegedly unconstitutional parole decisions have been set aside. Accordingly, it is respectfully recommended that plaintiff's § 1983 claims for injunctive relief and/or damages be dismissed for failure to state a claim and as frivolous. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. It is further recommended that, because this is a dismissal described by 28 U.S.C. § 1915(g) ( a "strike" for frivolous filing), that the Court instruct the Clerk to provide copies of the dismissal order to the parties, to the TDCJ–Office of the General Counsel, P.O.

Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

To the extent plaintiff's claims are habeas in nature, it is recommended that those claims be dismissed without prejudice.

Respectfully submitted this 15th day of March, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).