**UNITED STATES DISTRICT COURT**
**IN THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ROY RAY BEATY,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **C.A. No. C-07-037** |
| | § | |
| **TEXAS BOARD OF PARDONS** | § | |
| **AND PAROLES, ET AL.,** | § | |
| **Defendants** | § | |

**MEMORANDUM OPINION AND ORDER**

On March 15, 2007, the United States Magistrate Judge filed a Memorandum and Recommendation in this case (D.E. 8). Plaintiff filed objections. Having reviewed the recommendation, the pleadings on file and Plaintiff's objections, the Court declines to adopt the recommendation of the Magistrate Judge.

The issue before the Court is whether Plaintiff used the appropriate legal procedure to address his claims. Plaintiff filed a complaint under 42 U.S.C. §1983 challenging the rules and procedures used at two of his parole hearings. Plaintiff has been denied parole twice. His next review is scheduled for August, 2008. The Magistrate Judge recommends the Court dismiss Plaintiff's claims because they are frivolous and fail to state a claim for which relief can be granted. The basis for her recommendation is that Plaintiff's claims should have been raised in a habeas corpus proceeding.

1

To determine whether a prisoner must pursue his claims through a writ of habeas corpus or a civil rights action, the Court must ascertain what exactly the prisoner is challenging.  Is the prisoner challenging (1) the fact or duration of confinement; or (2) the rules, customs and procedures affecting conditions of confinement?  *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)).

A Section 1983 action is appropriate to attack unconstitutional parole procedures. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987).  However, if a prisoner is challenging the result of a single defective parole hearing, that claim must be pursed by writ of habeas corpus.  *Cook*, 37 F.3d at 168 (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)).  Broad-based challenges to the parole board's rules and procedures that affect a prisoner's release must also be pursued in habeas corpus *if*  resolution of the allegations would automatically entitle the prisoner to accelerated release.  *Johnson*, 821 F.2d at 1123. To determine whether a broad-based claim has such an effect, the Court must  distinguish between claims that merely enhance eligibility for accelerated release and those that create entitlement to such relief.  *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).   A claim that has only an indirect impact on whether a claimant eventually receives parole is cognizable under §1983.  *Johnson*, 821 F.2d at 1123.

In this case, Plaintiff argues the parole board's decisions to deny him parole violated his due process rights because: (1) members of the board were not appointed by the Governor and confirmed by the Texas Senate; (2) the board has not developed or implemented standard

parole guidelines that provide basic criteria on which parole eligibility is determined; and (3) the reasons given for denying parole were vague, global in nature and based on findings made at his trial that will never change.

Plaintiff asks the Court for (1) a judgment declaring the board's actions violated his due process rights; (2) an injunction ordering the board "to develop and implement standard parole guidelines that are to be the basic criteria on which parole decisions are to be made;" (3) compensatory damages in the amount of $250,000.00 against each defendant; and (4) punitive damages in the amount of $250,000.00.

The Court recognizes that Plaintiff may not ultimately prevail on his claims. However, at this stage, the Court must liberally construe Plaintiff's *pro se* complaint in deciding whether the complaint states a viable cause of action. *Finley v. Staton*, 542 F.2d 250, 251 (5th Cir. 1976). Liberally construed, the Court finds Plaintiff is not challenging a single allegedly defective hearing. Plaintiff is not asking the Court to order a new hearing, and he does not argue that he is entitled to accelerated release. In fact, Plaintiff states in his objections, "in no way is he [Plaintiff] complaining about the outcome of his two parole hearings. He is only complaining about the policies and procedures that are being used by the parole board." Plaintiff wants the parole board to comply with due process requirements in his upcoming review.

A favorable determination of these issues would not automatically entitle Plaintiff to accelerated release. The consequences would be a requirement that the parole board refrain from using unconstitutional rules and procedures when making parole decisions. The

ultimate determination of whether Plaintiff should be paroled would remain in the sound discretion of the parole board.  The Court finds Plaintiff's claims were properly raised under 42 U.S.C. §1983.

The Magistrate Judge's recommendation of dismissal is DECLINED.   The Court REMANDS this case to the Magistrate Judge for service on the defendants and pretrial case management.

ORDERED June 18, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE

4

5